Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Robert J. Lyons** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | **NORTHERN DISTRICT OF ILLINOIS** | |
| Case number: | | | |
| (If known) | | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan                                                                                              12/17

## Part 1:   Notices

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy alsCourt. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2:   Plan Payments and Length of Plan

**2.1**   **Debtor(s) will make regular payments to the trustee as follows:**

**$550.00** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**   **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                       Best Case Bankruptcy

10/10/19 10:37AM

Debtor  **Robert J. Lyons**  Case number

- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

- [ ] Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- [x] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**33,000.00**.

| Part 3: | **Treatment of Secured Claims** |

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*
- [ ] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- [x] The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Quicken Loans** | **317 Richards St Joliet, IL 60433 Will County** | $963.00 Disbursed by: [ ] Trustee [x] Debtor(s) | Prepetition: $0.00 | 0.00% | $0.00 | $0.00 |

*Insert additional claims as needed.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
   *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

- [x] The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

   The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

   The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

   (a) payment of the underlying debt determined under nonbankruptcy law, or

Debtor   **Robert J. Lyons**                                              Case number

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Capital One Auto Finance | $9,264.00 | 2013 Ford Fusion | $7,950.00 | $0.00 | $7,950.00 | 6.00% | $165.69 | $9,112.88 |
| Capital One Auto Finance | $7,140.00 | 2011 Chevrolet Traverse | $7,275.00 | $0.00 | $7,140.00 | 6.00% | $148.81 | $8,184.39 |

*Insert additional claims as needed.*

**3.3**   **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*
   ☑   **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**   **Lien avoidance**.

*Check one.*
   ☑   **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**   **Surrender of collateral.**

   *Check one.*
   ☐   **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
   ☑   The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Holiday Inn Club Vacation** | **Timeshare Oswego, IL** |

*Insert additional claims as needed.*

---

**Part 4:**   **Treatment of Fees and Priority Claims**

**4.1**   **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**   **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **6.00**% of plan payments; and during the plan term, they are estimated to total $**1,980.00**.

**4.3**   **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4**   **Priority claims other than attorney's fees and those treated in § 4.5.**

   *Check one.*
   ☑   **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5**   **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

   *Check one.*

Debtor **Robert J. Lyons**     Case number _____

- [✓] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- [ ] The sum of $ _____ .
- [✓] __17.00__ % of the total amount of these claims, an estimated payment of $ __9,300.00__ .
- [✓] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ __0.00__ . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
- [✓] The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| **Dept Of Ed/navient** | $0.00 | $0.00 | $0.00 |
| | Disbursed by:<br>[ ] Trustee<br>[✓] Debtor(s) | | |
| **Dept Of Ed/navient** | $0.00 | $0.00 | $0.00 |
| | Disbursed by:<br>[ ] Trustee<br>[✓] Debtor(s) | | |

*Insert additional claims as needed.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
- [ ] plan confirmation.
- [✓] entry of discharge.
- [ ] other: _____

### Part 8: Nonstandard Plan Provisions

10/10/19 10:37AM

Debtor  **Robert J. Lyons**  Case number

**8.1  Check "None" or List Nonstandard Plan Provisions**
☐  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

**1. Capital One Auto Finance (2013 Ford Fusion) shall receive preconfirmation adequate protection payments in the amount of $95.00 per month.**

**2. Capital One Auto Finance (2011 Chevrolet Traverse) shall receive preconfirmation adequate protection payments in the amount of $75.00 per month.**

**3.  Debtor is responsible for paying for Traverse per divorce judgment.**

**Part 9:  Signature(s):**

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X _____  X _____
  **Robert J. Lyons**                  Signature of Debtor 2
  Signature of Debtor 1

  Executed on _____          Executed on _____

X _____      Date _____
  **David M. Siegel**
  Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Robert J. Lyons** | Case number | |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$0.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$17,297.27** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$5,980.00** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$9,722.73** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*    + | **$0.00** |
| | **Total of lines a through j** | **$33,000.00** |

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                                                                  Case No. 19-28844-PSH
Robert J. Lyons                                                                                          Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1                 User: vgossett                  Page 1 of 2                 Date Rcvd: Oct 11, 2019
                                  Form ID: pdf001                Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 13, 2019.
```
db          +Robert J. Lyons,    317 Richards Street,    Joliet, IL 60433-1859
28280196    +Automotive Credit Corp,    26261 Evergreen Rd,    Southfield, MI 48076-4447
28280200     City of Chicago Dept. of Revenue,    Camera Enforcement Violation,    PO Box 88292,
              Chicago, IL 60680-1292
28280201    +City of Chicago Parking,    Department of Finance,    P. O. Box 6330,   Chicago, IL 60680-6330
28280206    +Holiday Inn Club Vacation,    8505 W Irlo Bronson Memo,    Kissimmee, FL 34747-8217
28280207    +Illinois Tollway,    PO Box 5544,    Chicago, IL 60680-5491
28280209    +LVNF Funding,    625 Pilot Road,    suite 213,    Las Vegas, NV 89119-4485
28280212    +Secretary of State,    Safety & Financial Responsibility,    2701 South Dirksen Parkway,
              Springfield, IL 62723-1000
28280213    +Secretary of State License Renewal,    17 N State,    Suite 1100,    Chicago, IL 60602-3561
28280214    +St. Joseph Hosiptal,    333 N Madison,    Joliet, IL 60435-8200
28280215     The Illinois Tollway,    2700 West Ogden Avenue,    Downers Grove, IL 60515-1703
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
28280195       +E-mail/Text: g20956@att.com Oct 12 2019 02:36:00      AT&T,    Bankruptcy Department,
                5407 Andrew Highway,    Midland, TX 79706-2851
28280191       +E-mail/Text: bankruptcy@rentacenter.com Oct 12 2019 02:36:30      Acceptance Now,
                5501 Headquarters Dr,    Plano, TX 75024-5837
28280192       +E-mail/Text: EBNProcessing@afni.com Oct 12 2019 02:35:04      Afni, Inc.,    Po Box 3097,
                Bloomington, IL 61702-3097
28280193       +E-mail/Text: bnc-aquafinance@quantum3group.com Oct 12 2019 02:35:47      Aqua Finance Inc,
                1 Corporate Cove,    Wausau, WI 54401-1724
28280194       +E-mail/Text: Harris@ebn.phinsolutions.com Oct 12 2019 02:36:35      Arnold Scott Harris, P.C.,
                111 W. Jackson Blvd. Ste. 600,    Chicago, IL 60604-3517
28280197        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Oct 12 2019 02:37:37      Cap One,
                15000 Capital One Dr,    Richmond, VA 23238
28280198       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Oct 12 2019 02:37:34      Cap One,
                10700 Capital One Way,    Richmond, VA 23060-9243
28280199       +E-mail/PDF: AIS.COAF.EBN@Americaninfosource.com Oct 12 2019 02:38:45
                Capital One Auto Finance,    Po Box 259407,    Plano, TX 75025-9407
28280202       +E-mail/PDF: creditonebknotifications@resurgent.com Oct 12 2019 02:39:47      Credit One,
                Bankrupcty Department,    PO Box 98873,    Las Vegas, NV 89193-8873
28280203       +E-mail/PDF: pa_dc_ed@navient.com Oct 12 2019 02:38:40      Dept Of Ed/navient,    Po Box 9635,
                Wilkes Barre, PA 18773-9635
28280205        E-mail/Text: bnc-bluestem@quantum3group.com Oct 12 2019 02:36:03      FINGERHUT/WEBBANK,
                6250 Ridgewood Rd.,    Saint Cloud, MN 56303-0820
28280204        E-mail/Text: bnc-bluestem@quantum3group.com Oct 12 2019 02:36:03      Fingerhut,    PO Box 1250,
                Saint Cloud, MN 56395-1250
28280208        E-mail/Text: JCAP_BNC_Notices@jcap.com Oct 12 2019 02:35:19      Jefferson Capital Syst,
                16 Mcleland Rd,    Saint Cloud, MN 56303
28280210       +E-mail/PDF: cbp@onemainfinancial.com Oct 12 2019 02:38:19      Onemain,    Po Box 1010,
                Evansville, IN 47706-1010
28280211       +E-mail/Text: bankruptcyteam@quickenloans.com Oct 12 2019 02:35:25      Quicken Loans,
                1050 Woodward Ave,    Detroit, MI 48226-1906
                                                                                              TOTAL: 15
```

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 13, 2019                                                                          Signature:  /s/Joseph Speetjens

```
District/off: 0752-1          User: vgossett              Page 2 of 2                Date Rcvd: Oct 11, 2019
                              Form ID: pdf001             Total Noticed: 26
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 10, 2019 at the address(es) listed below:
              David M Siegel    on behalf of Debtor 1 Robert J. Lyons davidsiegelbk@gmail.com,
               R41057@notify.bestcase.com;johnellmannlaw@gmail.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                             TOTAL: 2
```